PER CURIAM:
Marigrove, Inc., Cave Creek Holdings, Corp., and Cel-Air Incorporated appeal the district court’s order affirming in part and reversing in part the bankruptcy court’s order on their motion to unseal. The underlying action is a Chapter 15 bankruptcy action, an ancillary action to assist foreign insolvency proceedings. The *961 documents at issue are a collection of motions and orders that enabled the trustee for the estate of Transbrasil S.A. Linhas Aereas to conduct confidential discovery into the allegedly misappropriated assets of the debtor.[1] The bankruptcy court sealed the documents to prevent public dissemination of the Trustee’s ongoing investigation. After learning that they were the objects of several discovery requests submitted to third parties under a “gag order,”[2] the Appellants appeared in the underlying action and moved to unseal the sealed documents arguing that the documents were sealed improperly under 11 U.S.C. § 107(b) and Federal Rule of Bankruptcy Procedure 9018. The bankruptcy court denied the Appellants’ request that previously sealed documents be unsealed but granted the Appellants’ request to the extent that any future documents would be sealed only upon separate order of the bankruptcy court. Although this case has a complicated procedural history, only one issue is before this Court: whether the bankruptcy court abused its discretion by declining to unseal the documents sealed prior to April 24, 2014. After review,[3] we affirm.
Under the Bankruptcy Code, any paper filed in a bankruptcy action is public record and open to examination. 11 U.S.C. § 107(a). Some categories of information, however, are specifically excluded from the public record and must be protected by a bankruptcy court. See 11 U.S.C. § 107(b). At issue in this appeal is the statutory exclusion to “protect an entity with respect to a trade secret or confidential research, development, or commercial information.” 11 U.S.C. § 107(b)(1). The Trustee argues that the documents should remain sealed because they reflect the Trustee’s confidential research into the allegedly misappropriated assets of the debtor. The Appellants argue that the statutory exception for confidential research applies only to proprietary commercial confidential research. We find no support in the statute for the Appellants’ interpretation.
Subsection (b)(1) unambiguously identifies two categories of information worthy of exclusion from’ the public record. The first category is “a trade secret.” Id. Separated from “a trade secret” by the disjunctive conjunction “or,” the second category is “confidential research, development, or commercial information.” Id. The natural reading of this second category yields a list of three items: (1) confidential research, (2) confidential development, and (3) confidential commercial information. Under no circumstances could the second category be properly read as (1) confidential commercial research, (2) confidential commercial development, or (3) confidential commercial in *962 formation. Such a reading would render items (1) and (2) essentially subcategories of item (3) and therefore unnecessary. More importantly, the word “commercial” is an adjective that modifies the last noun in a series separated by the disjunctive conjunction “or,” and the rules of grammar do not support applying the adjective forward in the series. A comparison with subsection (b)(l)’s use of the word “confidential” further clarifies the proper interpretation. “Confidential” is an adjective at the beginning of the series and appears to apply to all three items in the list. Had Congress intended to limit research and development to commercial research and development, it could have done so by moving the word “commercial” next to the word “confidential.” The plain language of the statute does not limit subsection (b)(1) to commercial information, and absent “good reason to believe Congress intended the language to have some more restrictive meaning,” we decline to apply the Appellants’ contorted interpretation. Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983).
The Appellants also argue that the bankruptcy court failed to identify a compelling interest to seal the documents. Section 107(b), however, does not require the bankruptcy court to find a compelling interest or even good cause.[4] See 11 U.S.C. § 107(b); In re Orion Pictures Corp., 21 F.3d 24, 28 (2d Cir.1994) (“When congress addressed the secrecy problem in § 107(b) of the Bankruptcy Code it imposed no requirement to show ‘good cause’ as a condition to sealing confidential commercial information.”). Rather, upon determining that a movant has identified information that qualifies for protection under § 107(b), the bankruptcy court shall protect the information. 11 U.S.C. § 107(b).
Having held that confidential research need not be commercial under 11 U.S.C. § 107(b) and that a finding of good cause is not required, we see no abuse of discretion in the bankruptcy court’s decision to preserve the seal.[5]
AFFIRMED.

. After the parties filed their briefs in this appeal, the bankruptcy court unsealed many of the documents at issue. As to those unsealed documents, this appeal is moot. This opinion is relevant only to the six documents that remain sealed under the bankruptcy court’s order dated December 22, 2015.

. The bankruptcy court’s "gag order” is not under review, and we therefore express no opinion on the propriety of that order.

. “When reviewing an order of the district court entered in its role as an appellate court reviewing the bankruptcy court’s decision, this Court independently examines the factual and legal determinations of the bankruptcy court, applying the same standards of review as the district court. Generally, we review de novo any determinations of law, whether by the bankruptcy court or district court.” In re FFS Data, Inc., 776 F.3d 1299, 1303 (11th Cir.2015). As did the district court, we review the bankruptcy court's order for abuse of discretion. See Chicago Tribune Co. v. Bridgestone/Firestone, Inc,, 263 F.3d 1304, 1309 (11th Cir.2001),

. The statutes that Appellants cite, 11 U.S.C. §§ 1521, 1522, relate to a bankruptcy court's authority to permit discovery in a Chapter 15 action, but the propriety of the bankruptcy court’s orders permitting discovery under seal and "gag order” are not before us.

. The Appellants argue that, by failing to notify them of the Trustee’s original motion to seal, the bankruptcy court violated Federal Rule of Bankruptcy Procedure 9018. This argument lacks merit, Under Rule 9018, a bankruptcy court can seal documents protected by 11 U.S.C. § 107(b) “[o]n motion or on its own initiative, with or without notice....” Fed. R. Bankr.P. 9018 (emphasis added).